**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Eclipse IP LLC, | ) |
| | ) |
| Plaintiff, | ) **Case No. 2:13-CV-457** |
| | ) |
| v. | ) |
| | ) **Jury Trial Demanded** |
| Saks Incorporated, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eclipse IP LLC ("Eclipse") complains of defendant Saks Incorporated ("Saks") as follows:

**Nature of Lawsuit**

1.      This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**Parties and Patents**

2.      Eclipse is a company organized and existing under the laws of Florida and having a principal place of business address at 115 NW 17th Street, Delray Beach, Florida 33444.

3.      Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 7,479,899 ("the '899 patent"), entitled "Notification Systems and Methods Enabling a Response to Cause Connection Between a Notified PCD and a Delivery or Pickup" (Exhibit A); United States Patent No. 7,876,239

1

("the '239 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia" (Exhibit B); and United States Patent No. 7,119,716 ("the '716 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (Exhibit C) (collectively, "the Patents-in-Suit").

4.      On information and belief, Saks Incorporated is a corporation organized and existing under the laws of Tennessee.

5.      On information and belief, Saks does regular business in this judicial district and has committed acts of infringement in this judicial district.

## Jurisdiction and Venue

6.      This Court has personal jurisdiction over Saks because Saks transacts continuous and systematic business within the State of Texas and this judicial district; is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this judicial district; and has committed the tort of patent infringement in this judicial district.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## Defendant's Acts of Patent Infringement

8.      Saks has infringed one or more claims of the '899 patent through, among other activities, providing automated notifications in relation to online orders that provide a means by which the recipient can select whether to communicate with Saks regarding the particulars of the order.

9.      Saks has infringed one or more claims of the '239 patent through, among other activities, providing and/or selecting, and enabling customers to provide and/or

select, authentication information for use in connection with online orders, storing the

authentication information, and providing the authentication information in notification

communications to customers.

10.     Saks has infringed one or more claims of the '716 patent through, among

other activities, storing customers' contact data in memory and providing notification

communications to the customers which enable them to change the contact data.

11.     Prior to filing this complaint, Eclipse, by letter, informed Saks of its

infringement of the Patents-in-Suit, and offered to enter into a licensing arrangement that

would allow Saks to continue practicing the inventions claimed in the Patents-in-Suit.

12.     Saks, however, chose not to enter into a licensing agreement with Eclipse.

13.     Rather, with knowledge of the Patents-in-Suit and in disregard of

Eclipse's patent rights, Saks chose to continue its infringement.

14.     Accordingly, in infringing the Patents-in-suit, Saks has acted knowingly,

willfully, and with the intent to induce others to infringe each of the Patents-in-Suit.

15.     Saks has actively induced and/or contributed to the infringement by others

of one more claims of each of the Patents-in-Suit.

### Claims for Relief

### Count I
**(Patent Infringement of U.S. Patent No. 7,479,899 Under 35 U.S.C. § 271, *et seq*.)**

16.     Eclipse incorporates by reference and realleges the allegations set forth in

paragraphs 1 through 15 above.

17.     On January 20, 2009, United States Patent No. 7,479,899, entitled,

"Notification Systems and Methods Enabling a Response to Cause Connection Between a

Notified PCD and a Delivery or Pickup Representative" was duly and legally issued by

the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right,

title and interest in and to the '899 patent. A true and correct copy of the '899 patent is

attached as Exhibit A to this complaint.

18.     Eclipse is informed and believes, and thereupon alleges, that Saks: (1) has

infringed and continues to infringe claims of the '899 patent, literally and/or under the

doctrine of equivalents, and/or (2) has contributed and continues to contribute to the

literal infringement and/or infringement under the doctrine of equivalents of claims of the

'899 patent, and/or has actively induced and continues to actively induce others to

infringe claims of the '899 patent, literally and/or under the doctrine of equivalents, in

this district and elsewhere in the United States.

**Count II**
**(Patent Infringement of U.S. Patent No. 7,876,239 Under 35 U.S.C. § 271, *et seq.*)**

19.     Eclipse incorporates by reference and realleges the allegations set forth in

paragraphs 1 through 18 above.

20.     On January 25, 2011, United States Patent No. 7,876,239, entitled,

"Secure Notification Messaging System and Methods Using Authentication Indicia" was

duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is

the owner of the entire right, title and interest in and to the '239 patent. A true and correct

copy of the '239 patent is attached as Exhibit B to this complaint.

21.     Eclipse is informed and believes, and thereupon alleges, that Saks: (1) has

infringed and continues to infringe claims of the '239 patent, literally and/or under the

doctrine of equivalents, and/or (2) has contributed and continues to contribute to the

literal infringement and/or infringement under the doctrine of equivalents of claims of the

'239 patent, and/or has actively induced and continues to actively induce others to

infringe claims of the '239 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

**Count III**
**(Patent Infringement of U.S. Patent No. 7,119,716**
**Under 35 U.S.C. § 271, et seq.)**

22.     Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 21 above.

23.     On October 10, 2006, United States Patent No. 7,119,716, entitled, "Response Systems and Methods for Notification Systems for Modifying Future Notifications" was duly and legally issued by the United States Patent and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '716 patent. A true and correct copy of the '716 patent is attached as Exhibit C to this complaint.

24.     Eclipse is informed and believes, and thereupon alleges, that Saks: (1) has infringed and continues to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '716 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '716 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

**Prayer for Relief**

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against Saks and against each of its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

(a)     An award of damages adequate to compensate Eclipse for the

infringement that has occurred, together with prejudgment interest from the date

infringement of the Eclipse Patents began;

(b)     An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and

285, including enhanced damages up to and including trebling of Eclipse's damages for

Saks' willful infringement, and reasonable attorneys' fees and costs; and

(c)     Such other and further relief as this Court or a jury may deem proper and

just.

### Jury Demand

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of

Civil Procedure 38.

Respectfully submitted this 4th day of June, 2013.

GILLAM & SMITH, LLP

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 S. Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com


*s/ Matthew S. Harman*
Matthew S. Harman
Georgia Bar No. 327169
Eric S. Fredrickson
Georgia Bar No. 489783
HARMAN LAW LLC
4279 Roswell Road
Suite 102-273
Atlanta, Georgia 30342

Telephone:  404-869-1119
Fax:  404-424-9370
Email:  mharman@harmanlaw.com
Email:  efredrickson@harmanlaw.com

***Attorneys for Plaintiff***